UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BLAKE MARINE GROUP. LLC,

                              Plaintiff,

            -against-

FRENKEL & COMPANY,

                              Defendant.

-------------------------------------------------------------------X

**OPINION & ORDER**

**18-CV-10759 (AT) (KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/18/2019

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This lawsuit involves a dispute about payments due to Plaintiff Blake Marine Group L.L.C. ("Blake Marine") for work it did in the Gulf of Mexico on a barge/jack-up rig owned by Forward Marine LLC ("Forward"). The barge was severely damaged by a number of tropical storms and hurricanes in 2017. Forward hired Blake Marine to survey the vessel and take further action to remediate the damage and mitigate the risks that (1) hazardous substances (*e.g.,* waste oil) would leak into the Gulf and (2) that the vessel or equipment on it would harm nearby underwater petroleum pipes. When Forward hired Blake Marine, it believed that its insurance broker, Defendant Frenkel & Company ("Frenkel"), had secured a pollution liability policy from Safe Harbor Insurance ("Safe Harbor") that would cover aspects of Blake Marine's work. As it turns out, Frenkel did not secure the policy. Frenkel has admitted this in a recent filing with the Court. [ECF No. 50 at 1-2.] Blake Marine now seeks compensation for the work performed under various causes of action. Forward assigned its rights to Blake Marine so that Blake Marine could pursue appropriate legal action to obtain compensation from the responsible parties.

Two motions are before the Court. The first is a Motion to Quash filed by Safe Harbor seeking protection from having to respond to subpoenas issued by Blake Marine concerning various topics pertaining to whether Frenkel secured an insurance policy with Safe Harbor for Forward. [ECF No. 32.] The second is a Motion to Disqualify Nicoletti Hornig & Sweeney ("NHS") as counsel for Frenkel on the ground that IT also represents Safe Harbor and therefore has a conflict of interest. [ECF No. 43.] For the reasons discussed below and as set forth on the record at the April 16, 2019 conference, Safe Harbor's Motion to Quash is **GRANTED** and Blake Marine's Motion to Disqualify is **DENIED**.

**Motion to Quash**

Rules 26 and 45 of the Federal Rules of Civil Procedure govern Safe Harbor's motion. Under Rule 26, the Plaintiff, as the party seeking discovery, bears the initial burden of proving that the information and testimony sought in the subpoenas are relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012). Assuming the information sought is relevant and proportional to the needs of the case, the Court then considers the burden the discovery imposes on a non-party. Federal Rule of Civil Procedure 45 requires that the Court quash or modify a subpoena that subjects a non-party to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). When evaluating undue burden, the court considers the relevance of the information sought, the party's need for the information, the breadth of the request, and the burden imposed. *See Hughes v. Twenty-First Century Fox, Inc.,* 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (citation omitted); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996).

Plaintiff contends that Safe Harbor may have information about communications with Forward about a pollution liability insurance policy meant for Forward.  However, Plaintiff must look to Defendant in the first instance to obtain the information it seeks.  *See Polanco v. NCO Portfolio Mgmt., Inc.*, No. 11 CIV. 7177 DAB DF, 2013 WL 3733391, at *2 (S.D.N.Y. July 15, 2013) (finding that, where "[adversary] has control over the . . . documents at issue and an independent obligation to produce them, it would impose an undue burden on [the non-party] to require it to respond separately to a subpoena seeking the same material.")  Frenkel is in possession of communications it had with Forward and Safe Harbor concerning the pollution insurance coverage it attempted to, but failed to, secure.   Moreover, Frenkel has admitted that it did not secure a policy from Safe Harbor.  Thus, Safe Harbor is unlikely to have information relevant to coverage not already in Frenkel's possession.  To the extent Blake Marine believes that Frenkel made intentional misrepresentations about Forward's insurance coverage and/or what Frenkel had done to secure insurance coverage at the time Forward engaged Blake Marine to do the work, that information also can be obtained from Frenkel.  To the extent Plaintiff has argued that it needs discovery to determine whether to add Safe Harbor as a Defendant, Plaintiff's argument is unavailing.  Frenkel has admitted that it did not secure the coverage from Safe Harbor, and Safe Harbor submitted affidavits stating that it did not issue a pollution liability policy to Forward that would cover the work in question.  There is absolutely no basis to add Safe Harbor as a Defendant, and no discovery that could be obtained from Safe Harbor will alter this.

If it turns out that Frenkel does not have complete documentation of its communications with Safe Harbor or that there is a basis for believing that Safe Harbor may

have information that contradicts information Frenkel provides in discovery that is relevant to establishing liability, then Plaintiff may make a narrow request to obtain such information. However, Plaintiff shall not make any formal request until first meeting and conferring with counsel for Safe Harbor and Frenkel and then discussing it with the Court at the next status conference.

**Motion to Disqualify**

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) (quoting *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)). Accordingly, "decisions on disqualification motions often benefit from guidance offered by . . . state disciplinary rules, [but] such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video*, 409 F.3d at 132 (internal citations omitted). In deciding whether to disqualify an attorney, the Court must balance "'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *Id.* (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). Disqualification is a drastic measure that is viewed with disfavor in the Second Circuit. *Bd. of Educ. V. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *Bridges v. Correctional Services*, 17-cv-2220, 2019 WL 917152, at *2 (S.D.N.Y. Feb. 25, 2019).

Blake Marine's motion to disqualify NHS is premised on the following two allegations: (1) that Frenkel and Safe Harbor have taken conflicting positions in this litigation as to whether Safe Harbor issued a pollution liability insurance policy to Forward; and (2) that NHS is

simultaneously representing Frenkel and non-party Safe Harbor in this action. Neither allegation is correct. There was a period of time when Frenkel indicated that it had secured a pollution liability policy for Forward. But after investigation, Frenkel has now conceded that it did not secure a policy. Therefore, Frenkel and Safe Harbor are in alignment on this core issue. And, while NHS does represent Safe Harbor in various matters, Safe Harbor has retained separate counsel, the firm of Rubin, Fiorella, Friedman & Mercante LLP ("RFFM"), to represent it in connection with this matter. As discussed above, Safe Harbor is not a party to this action. To the extent it made an appearance in this action to contest the subpoenas served on it by Plaintiff, it did so through RFFM, not through NHS. In sum, NHS has not represented adverse parties in this litigation. Nor is Frenkel taking a position adverse to Safe Harbor in this litigation. This Court can discern no basis for finding that the integrity of the adversary process is jeopardized by NHS representing Frenkel in this matter or finding any breach of the New York Rules of Professional Conduct concerning attorney conflicts of interest. Frenkel has a right to choose its counsel, and there is no basis for impinging its rights here.

**Conclusion**

For the reasons set forth above, the Motion to Quash [ECF No. 32] is **GRANTED** and the Motion to Disqualify [ECF No. 43] is **DENIED**. The Clerk of Court is respectfully requested to terminate the motions.

April 16, 2019
New York, New York

_____
Katharine H. Parker
U.S. Magistrate Judge