USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLAKE MARINE GROUP, LLC,

                    Plaintiff,

-against-

FRENKEL & COMPANY,

                    Defendant.

**OPINION & ORDER**

18-CV-10759 (AT) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    Defendant Frenkel & Company ("Frenkel") moves for leave to file a Second Amended Answer (the "SAA") to assert an additional affirmative defense. For the reasons set forth below, Frenkel's Motion is GRANTED.

## BACKGROUND

    Plaintiff Blake Marine Group LLC ("Blake Marine") commenced this action to recover payments allegedly due for emergency repair and clean up services rendered on the Hercules 211 (the "Vessel"), a barge/jack-up rig owned by Forward Marine LLC ("Forward"). Between August and October of 2017, the Vessel was severely damaged by a number of tropical storms and hurricanes while stationed in the Gulf of Mexico. In December of 2017, the United States Coast Guard ("USCG") issued two orders directing Forward to repair the Vessel within 10 days and remove over one hundred thousand gallons of waste oil stowed aboard. (Doc. No. 63, 2-3.) Forward was apparently under the impression that its insurance broker, Frenkel, had placed pollution insurance on the Vessel (the "Safe Harbor Pollution Insurance Policy"). As a result, Forward hired Blake Marine to: survey the Vessel; remove hazardous substances from the Vessel, including many thousands of gallons of waste oil; and prevent the Vessel from drifting

into nearby underwater petroleum pipes. (Doc. No. 9 ¶ 59.) Blake Marine alleges that it performed the requested work with the understanding that it would be reimbursed by Forward's Pollution Insurance Policy. (*Id.*) However, when Blake Marine sought to collect the payment owed for its services, it discovered that the Vessel was not covered by the Policy. (Doc. No. 70, 2-4.) Blake Marine commenced this action against Frenkel in November of 2018, and alleges that it has still not been paid for the repair and clean up services it performed on the Vessel.[1]

On November 21, 2018, Frenkel filed a Freedom of Information Act ("FOIA") request with the USCG to obtain information regarding the Vessel, including records of any violations issued by the USCG. (Doc. No. 62-3; Doc. No. 73, 2.) On March 1, 2019, the Honorable Analisa Torres issued a Scheduling Order requiring, *inter alia*, that any motions to amend the pleadings be filed by no later than March 31, 2019. (Doc. No. 23.) Frenkel filed its First Amended Answer (the "FAA") in response to Blake Marine's First Amended Complaint (the "FAC") on March 13, 2019. (Doc. No. 25.) On March 25, 2019, the USCG produced a report in response to Frenkel's FOIA request (the "USCG Report") stating, among other things, that the Vessel had violated an existing USCG Order due to unremedied "safety concerns" and its failure to follow an "approved stacking plan."[2] (Doc. No. 62-4; *see also* Doc. No. 69-6, 1; Doc. No. 73, 2.)

Frenkel argues that the USCG Report shows that Forward committed a statutory violation with respect to the maintenance and storage of the Vessel and that this violation may

---

[1] Forward assigned Blake Marine complete title to and ownership of any claims that Forward had against Frenkel in August of 2018. (Doc. No. 70, 4.)

[2] The stacking plan required the Vessel to maintain a 50 foot air gap between the platform and the sea surface. Failure to follow the plan put the Vessel at risk of drifting beyond the stacking plan location, posing a threat to the surrounding area and the nearby natural gas pipeline. (Doc. No. 69-6.)

2

have contributed to the damage the Vessel sustained in October and November of 2017. (Doc. No. 41; Doc. No. 63, 3-4.) Frenkel contends that this revelation is significant because the Safe Harbor Pollution Insurance Policy would have required that the Vessel be "seaworthy" at the Policy's inception and would have further obliged Forward to maintain the Vessel in seaworthy condition during what would have been the policy period, *i.e.*, from June until at least December of 2017. (Doc. No. 63, 1, 3, 6; Doc. No. 73, 1.) Thus, Frenkel argues that it is not liable to Blake Marine because Blake Marine would not have been paid under the Safe Harbor Pollution Insurance Policy, even if it had been placed, because Forward failed to keep the Vessel in seaworthy condition. (Doc. No. 63, 1, 3, 6; Doc. No. 73, 1.)

On March 28, 2019, Frenkel emailed Blake Marine and requested its consent to file the SAA to include a new affirmative defense premised on relevant information gleaned from the USCG Report. (Doc. No. 41; Doc. No. 63, 3-4.) Blake Marine balked at this request. The following day, Defendant filed a letter with this Court requesting a pre-motion conference to discuss its proposed amendment. (Doc. No. 41.) After holding a conference with the parties, this Court ordered Frenkel to submit its proposed SAA by no later than May 14, 2019. (Doc. No. 54.) Frenkel timely submitted the SAA, which added only the following affirmative defense:

> If primary pollution insurance had been placed, the insured, Forward Marine, LLC, breached standard terms, conditions and warranties of the Safe Harbor Pollution Insurance policy including, but not limited to, a violation of a warranty of due diligence to maintain a seaworthy vessel, a violation of the negative implied warranty of seaworthiness and engaged in willful misconduct which is excluded under the policy. As a result of the insured's breach(es) of the terms, conditions and warranties of the Safe Harbor policy, no coverage would have been available under the policy and Frenkel is not liable for pollution removal costs and expenses resulting from the incident.

3

(Doc. No. 62-1, 11; *see also* Doc. No. 62-2 (Safe Harbor Pollution Insurance Policy dated June 3, 2016).)

Frenkel represents that its new proposed defense is premised on information it recently learned from the USCG Report, *i.e.,* that Forward allegedly breached material terms of the Safe Harbor Pollution Insurance Policy. (Doc. No. 63, 4.) Frenkel further maintains that it acted diligently to amend the FAA once it received the USCG Report and attempted to make the amendment prior to the March 31, 2019 amendment deadline. (*Id.*) Although Frenkel acknowledges that one of its brokers received notice of the relevant information contained in the USCG Report in March of 2018, it argues that its attorneys were unaware that this document was in Frenkel's possession until May of 2019 because the document was a proverbial needle in a haystack, constituting one out of over ten thousand pages produced by Frenkel. (Doc. No. 73, 2-3.) Frenkel also asserts that, to the extent its proposed amendment will require any additional discovery regarding the condition and seaworthiness of the Vessel from June through December of 2017, obtaining such discovery will not significantly expand the current scope of discovery because much of that information is already being sought by Frenkel on the issue of damages. (Doc. No. 63, 6.)

For its part, Blake Marine contends that Frenkel's Motion to Amend should be denied because Frenkel was aware of the Vessel's seaworthiness and stacking position long before it submitted its FOIA request to the USCG. (Doc. No. 70, 4-5, 7-8.) As such, Blake Marine argues that Frenkel failed to exercise the requisite diligence to amend the FAA and is bringing the instant Motion in a bad faith attempt to void the insurance policy it failed to place. (*Id*. at 4-5, 7-8, 10.) Blake Marine further contends that it will suffer undue prejudice and delay if Frenkel

4

is permitted to amend the FAA because Blake Marine will be forced to conduct additional third-party discovery and amend the FAC to add a new claim arising from Frenkel's bad faith denial of Blake Marine's coverage claims. (*Id*. at 9-10.) Finally, Blake Marine claims that Frenkel's proposed amendment is futile because the Vessel was seaworthy and in compliance with the stacking plan in June of 2017, when the Safe Harbor Pollution Insurance Policy would have attached. (*Id*. at 10.) For the reasons set forth below, Frenkel's Motion to Amend is GRANTED.

## DISCUSSION

### I. *Legal Standard to Amend a Pleading*

District courts have broad discretion to grant or deny leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971)). Rule 15(a) provides that "a party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks and citation omitted). However, a district court may "deny leave for good reason, including futility, bad faith, undue delay, or

undue prejudice to the opposing party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d. Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Where, as here, there is a scheduling order in place that establishes a deadline for seeking leave to amend, "the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent."); *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018) (requiring plaintiffs to show "good cause" to amend a pleading after the deadline to file "any motion to amend" had passed).

The determination of whether "good cause" exists under Rule 16(b) largely turns on the diligence of the moving party. *Holmes*, 568 F.3d at 335; *see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (to show good cause, a moving party should demonstrate that "despite its having exercised diligence, the applicable deadline could not have been reasonably met" (citation omitted)). If the party moving to amend seeks to add claims based on facts it knew or should have known at the time of the amendment deadline, it likely failed to act with sufficient diligence to satisfy Rule 16(b). *See Perfect Pearl Co.*, 889 F. Supp. 2d at 457 (citation omitted). Nevertheless, because district courts have broad discretion to decide motions to amend, an amendment may still be permitted even where a party fails to demonstrate diligence under Rule 16. *Compare Fresh Del Monte Produce, Inc.*, 304 F.R.D. at 176 (permitting amendment of answer where movant failed to demonstrate good cause, but the case was still in the early stages of discovery), *with Zubulake v. UBS Warburg LLC*, 231 F.R.D.

159, 160 (S.D.N.Y. 2005) (denying leave to amend answer where the amendment was sought after discovery had closed, defendant's motion for partial summary judgment had been decided, and trial was scheduled); *see also Kleeberg v. Eber*, No. 16-CV-9517(LAK)(KHP), 2019 WL 2223272 (S.D.N.Y. May 23, 2019) (permitting amendment to complaint after the expiration of the deadline to amend because, *inter alia*, discovery was ongoing, the new claims would not require additional discovery, and no trial date had been set).

### II. *Application to Frenkel's Motion to Amend*

After careful consideration of the parties' submissions, this Court finds that, on balance, Frenkel was sufficiently diligent in seeking to amend the FAA. *See Del Monte Produce, Inc.*, 304 F.R.D. at 176. Although Blake Marine is correct that Frenkel should have been aware of the relevant facts contained in the USCG Report before it submitted its FOIA request, this Court appreciates that the relevant information was contained on a single page among thousands that was simply missed. (Doc. No. 73, 2-3.) Thus, here, the critical inquiry for this Court is whether Frenkel exercised the requisite diligence to amend once it received the USCG Report. As the record clearly shows, Frenkel sought to amend the FAA several days after receiving the USCG Report and prior to the expiration of the deadline to amend. Accordingly, Frenkel demonstrated sufficient diligence in seeking to amend the FAA.

This Court also finds that Blake Marine will not suffer undue prejudice if Frenkel is permitted to amend the FAA because discovery in this action is ongoing. Indeed, the deadline to complete fact discovery was most recently extended on July 10, 2019, on consent of both parties, to September 30, 2019. (Doc. No. 77.) Moreover, any additional discovery that may be

7

required will likely overlap with the discovery that is already underway (Doc. No. 63, 6) and a trial date has not been set.

Finally, this Court cannot entertain Blake Marine's allegation that Frenkel's new proposed affirmative defense is futile because adjudicating that argument would require this Court to make an improper finding of fact, *i.e.*, whether Forward exercised the requisite due diligence to maintain the Vessel in seaworthy condition from June until at least December of 2017. *See* Kleeberg, 2019 WL 2223272, at *11, *13 (S.D.N.Y. May 23, 2019) (merits arguments are "not appropriate to decide on a motion to amend a pleading").

## **CONCLUSION**

Accordingly, for the reasons stated above, Plaintiff's Motion to Amend the FAA is granted. To the extent Blake Marine will seek to amend the FAC, it should submit a pre-motion letter in compliance with this Court's individual rules by no later than **September 6, 2019**. In light of Blake Marine's representation that it will need to conduct additional third-party discovery, fact discovery is hereby extended to **October 31, 2019**.

SO ORDERED.

Dated: August 22, 2019
      New York, New York

*[signature: Katharine H. Parker]*
_____
KATHARINE H. PARKER
United States Magistrate Judge