## MEMO ENDORSED

# *Nicoletti Hornig & Sweeney*

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801

TELEPHONE 212-220-3830

FACSIMILE 212-220-3780

general@nicolettihornig.com

www.nicolettihornig.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/09/2019

JOHN A.V. NICOLETTI
MANAGING PARTNER
DIRECT DIAL: 212-220-3837
jnicoletti@nicolettihornig.com

December 4, 2019

**Via E-Filing and E-Mail (Parker_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katharine H. Parker
United States District Court Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 750, Room 750
New York, New York 10007

<div style="margin-left:2em">

Re:   Blake Marine Group, LLC v. Frenkel & Company
      Docket No:         1:18 Civ. 10759 (AT)
      NH&S File No.:      00001312 JAVN /PN

</div>

Dear Judge Parker:

We write on behalf of Frenkel & Company regarding a discovery dispute between the parties, specifically an August 15, 2019 subpoena served by our office for Holland & Knight's entire file concerning the Hercules 211 incident and any communications concerning the Hercules 211 incident, excluding any privileged material.  (*See* Ex. 1.)

On August 28, 2019, Holland & Knight served its objections to the subpoena.  (*See* Ex. 2.)  On September 9, 2019, the parties met and conferred via telephone conference regarding, *inter alia*, Holland & Knight's objections to the subpoena.  On that call, counsel for Blake Marine claimed that the request was too broad and that the subpoena should be narrowed to request specific material and/or communication in the file.  The scope is already narrow as it requests documents related to an incident involving a specific drilling rig for a fairly limited time period.  On December 4, the undersigned again requested via email that Holland & Knight comply with the subpoena, but we have not received a response to that request.

This dispute has taken on renewed significance as Blake Marine continues to claim, to this day, that it was fraudulently induced to enter into a pollution removal contract by Frenkel's act of "convincing Forward, Blake and the USCG that the pollution cover was in place so that Blake would proceed with the pre-approved pollution removal plan in reliance that he would be promptly paid for his services."  (*See* R. Doc. 9 ¶ 53.)  Further, at the deposition of Blake

---

**New Jersey**
505 Main Street, Suite 106
Hackensack, NJ 07601-5928
t 201-343-0970 • f 201-343-5882

**Illinois**
One Northbrook Place
5 Revere Drive, Suite 200, Northbrook, IL 60062
t 847-205-5309 • f 847-205-5310

**Georgia**
4555 Mansell Road, Suite 300
Alpharetta, GA 30022
t 770-521-4234 • f 770-521-4200

December 4, 2019
Page 2

Marine's principal, Eli Zatezalo, Mr. Zatezalo claimed that no one at Frenkel informed him that there was no primary pollution policy and intimated that he only learned that information through reading deposition transcripts in this lawsuit.  (*See* Ex. 3, deposition excerpts from Eli Zatezalo.)

Information revealed in discovery, however, demonstrates that Mr. Zatezalo, and his attorney James Power, were expressly advised by Frenkel that no primary pollution policy was in place to respond to the Hercules 211 incident *prior* to Blake undertaking fuel removal work. (*See* Ex. 4, email from Richard Duarte to Eli Zatezalo, Joshau Greenberg and James Power.)  In the December 26, 2017 email, Mr. Duarte advises Mr. Zatezalo that Forward Marine has no pollution insurance, but that a COFR was in place on the Hercules 211.[1]  After Mr. Zatezalo contacted the Coast Guard, he was advised that the COFR would not be called and that funding under the COFR could not be accessed to respond to the incident.  (See Ex. 4, email from Eli Zatezalo to Richard Duarte.)

The same day, on December 27, 2017, Blake's counsel, James Power, wrote Blake and Richard Duarte and acknowledged that no pollution insurance was in place on the Hercules 211 and that the Coast Guard would not call the COFR.  (See Ex. 5, email from James Power.) Blake's counsel demanded a down payment and/or guarantee of $200,000 from Frenkel to complete fuel removal operations and, if such guarantee was not received, that Blake would not complete the fuel removal.  Despite never receiving a down payment and despite no proof of any guarantee being presented, Blake performed the fuel removal operation.

Despite this written information, Blake continues to claim that it was never advised that no pollution insurance was in place and, instead, that it was fraudulently induced by Frenkel to perform these operations based on a misrepresentation that a pollution policy existed.  The facts developed in discovery, however, belie this claim, particularly given that Blake's counsel apparently knew and wrote that no pollution policy existed which would respond to the incident. Blake's counsel is now a fact witness to this claim of fraudulent inducement, and our receipt and review of his file is crucial to Frenkel's defense on this claim.[2]

---

[1] A Certificate of Financial Responsibility, or "COFR," is a guarantee of payment, usually issued by an underwriter, for pollution removal costs and expenses up to a certain statutory limit based on vessel size and class.  The COFR is activated by the Coast Guard in the event of an oil spill if an owner fails to respond to a pollution event or if there is insufficient insurance in place to respond to the pollution event.  In this case, a COFR was in place for the Hercules 211 under a company named Modern American Recycling Services (a prospective purchaser of the Hercules 211) but was not activated because: (1) there was no actual oil spill; and (2) the prospective purchaser was not the owner or operator of the rig.

[2] We also note that Frenkel has also subpoenaed Mr. Power for a deposition on the topic of what he knew and when about the lack of pollution insurance in late December 2017.   Mr. Power has indicated that he is away on the date noticed for the deposition but has not formally objected to the deposition subpoena.  We intend on pursuing this testimony, as Mr. Power appears to have known that no pollution insurance was in place as of December 27, 2017 yet filed a Complaint which is seemingly contrary to this fact.

December 4, 2019
Page 3

      As stated above, counsel for Frenkel has communicated via telephone and email in an attempt to resolve this dispute to no avail.  We request a pre-motion conference before the Court in an attempt to resolve this matter prior to the filing of any motion to compel compliance with the document subpoena.

<div align="center">

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY

By:     /s/ John A.V. Nicoletti

John A.V. Nicoletti

</div>

JAVN/pcn/s/mm


**cc (Via E-Filing):**

James Power, Esq.
Holland & Knight LLP

**A Pre-Motion Conference in this matter is hereby scheduled for <u>Friday, December 13, 2019 at 10:00 a.m.</u> in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.**

**SO ORDERED:**

*Katharine H. Parker*

**HON. KATHARINE H. PARKER**
**UNITED STATES MAGISTRATE JUDGE**
**12/09/2019**

EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| BLAKE MARINE GROUP | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  18-cv-10759 |
| FRENKEL & COMPANY | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      HOLLAND AND KNIGHT, 31 WEST 52nd STREET, 12th FLOOR, NEW YORK, NY 10019

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Schedule "A."

| Place: Nicoletti Hornig & Sweeney | Date and Time: |
|---|---|
| Wall Street Plaza, 88 Pine Street, 7th Floor New York, NY 10005 | 09/03/2019 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/15/2019

|  | |
|---|---|
| *CLERK OF COURT* | OR  *Terry L Stoltz* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      FRENKEL & COMPANY _____ , who issues or requests this subpoena, are:

Terry L. Stoltz, Esq., Wall St. Plaza, 88 Pine Street, 7th Floor; (212) 220-3830; tstoltz@nicolettihornig.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  18-cv-10759

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                       *Server's signature*

                                _____
                                       *Printed name and title*

                                _____
                                       *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
 **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE "A"

### Instructions

1.      The following rules of construction apply to the requests below:

    (a)     **All/Each**. The terms "all" and "each" shall be construed as all and each.

    (b)     **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    (c)     **Number**.  The use of the singular form of any word includes the plural and vice versa.

2.      If any document requested herein has been lost, discarded, or destroyed, each document so lost, discarded or destroyed shall be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of this document.

3.      Documents shall be produced as they are kept in the regular course of business or, in the alternative, organized and labeled so as to correspond to the categories of this request.

### Definitions

1.      **Communication**.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  The term includes written, printed, typed, recorded or graphic matter of every type and description, however and by whomever

prepared and whatever the medium on which it was produced, reproduced, disseminated or made, whether on paper, cards, punch cards, printout sheets, tapes, disc, belts, charts, files, film, fiche, videotapes, computer tapes or printouts, tape recordings, phonograph records, cassettes, or other types of magnetic, photographic, electronic or sound recordings, or transcriptions, pictures, photographs, slides, negatives, video or any other medium, any other tangible item or thing of readable, recorded or visual material of whatever nature, in any form, including, but not limited to, letters, correspondence, telegrams, memoranda, statements, records, reports, minutes, notes, contracts, ledgers, agreements, intra-office communications, bulletins, blueprints, circulars, logbooks, pamphlets, schematics, studies, notices, diaries, blueprints, summaries, books, messages, instructions, data compilations, worksheets, inspection and survey reports, computer data compilations, statistics, speeches, and other writings, telecopies, telexes, and cables, and any other type of material within the scope of Rule 34 of the Federal Rules of Civil Procedure, which are in the actual or constructive possession, custody or control of Holland and Knight, its employees, agents, affiliates and/or subsidiaries. The terms "document" shall also include any copies that vary from the original (*e.g.*, the presence or absence of handwritten notes or underlining), as well as each and every draft of a document.

3.      **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      **Forward Marine**. The term "Forward Marine" means a Texas limited liability company named Forward Marine LLC with a principal address of 40 Marsella Boulevard, Suite B, Brownsville, Texas 78521.

5.    **Hercules 211**. The term "Hercules 211" means a jack-up rig owned by Forward Marine which suffered damages while in storage/stack in the Gulf of Mexico during November and December 2017.

## REQUESTED DOCUMENTS

1.      Holland and Knight's entire file and any documents concerning the Hercules 211 incident, excluding any privileged communication with Blake Marine Group.

2.      All communications, including any electronic communications, between Holland and Knight and any other person concerning the Hercules 211 incident, excluding any privileged communication with Blake Marine Group.

4

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLAKE MARINE GROUP, LLC,

                    Plaintiff,                              Case No. 18 Civ. 10759 (AT) (KHP)

          -against-

FRENKEL & COMPANY,

                    Defendant.

## HOLLAND & KNIGHT LLP'S OBJECTION TO DEFENDANT'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE,** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Holland & Knight ("H&K"), hereby objects to Defendant's Subpoena for the Production of Documents, dated August 15, 2019 (the "Subpoena") on grounds that the requests are sought in bad faith to harass and impose an inordinate burden and expense on counsel for Plaintiff, prolong and increase the costs of litigation, demean the profession and constitute an abuse of the discovery process. H&K further objects to the Subpoena on grounds that the requests: (1) are overly broad and unduly burdensome, (2) call for the production of documents that are already in Defendant's possession, custody, or control, (3) call for the production of documents that can be obtained by Defendant from sources more convenient and less burdensome, (4) are duplicative of one another, (5) seek documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence, and (6) call for the production of documents outside the scope of, and time period covered by the allegations in the complaint filed in this action.

Dated: New York, New York
      August 29, 2019

HOLLAND & KNIGHT LLP

By: _/S/ James H. Power_____

James H. Power
Clayton J. Vignocchi
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010
Telephone: (203) 905-4500
Email: james.power@hklaw.com
       clayton.vignocchi@hklaw.com

Attorneys for Plaintiff,
_Blake Marine Group, LLC_

EXHIBIT 3

Page 1

1

2    UNITED STATES DISTRICT COURT

     SOUTHERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - - - - - - - - - - -x

4    BLAKE MARINE GROUP, LLC,

5                     Plaintiffs,

6    -against-

7

8    FRENKEL & COMPANY,

9                     Defendant.

10   - - - - - - - - - - - - - - - - - - - - - -x

11

12

13

14            DEPOSITION OF ELI ZATEZALO

15               NEW YORK, NEW YORK

16          FRIDAY, NOVEMBER 1, 2019

17                   9:03 a.m.

18

19   REPORTED BY:

20   DANIELLE GRANT

21   JOB NO.: 3612029

22

23

24

25

Page 2

1
2
3
4
5
6
7
8                        November 1, 2019
9                        9:03 a.m.
10
11
12
13
14
15              Videotaped Oral deposition of ELI
16  ZATEZALO, taken pursuant to Notice, was held at
17  the Law Offices of Holland & Knight, 31 West 52nd
18  Pine Street, New  York, New York, commencing
19  November 1, 2019, at  9:03 a.m., on the above
20  date, before Danielle Grant, a Court Reporter and
21  Notary Public in the  State of New York.
22
23
24
25

Page 3

1

2     A P P E A R A N C E S:

3     HOLLAND & KNIGHT LLP

4     Attorneys for Plaintiff

5          31 West 52nd Street

6          New York, New York 10019

7     BY:   JAMES HAROLD POWER, ESQ.

8          CLAYTON J. VIGNOCCHI, ESQ.

9

10

11

12

13    NICOLETTI HORNIG & SWEENEY

14    Attorneys for Defendant

15         Wall Street Plaza

16         88 Pine Street

17         New York, New York 10005

18    BY:   JOHN A.V. NICOLETTI, ESQ.

19         PATRICK NOLAN, ESQ.

20

21

22

23

24

25

Page 42

ELI ZATEZALO

1
2   you not to answer on that type of question.
3          A     It would be for pollution
4   removal.   Pollutants.
5          Q     And under what policy of
6   insurance would that fall?
7          A     Can I view the exhibits?
8          MR. POWER:   You -- you -- you
9          can.   I mean, do you know the policy
10         that you're claiming under?
11         A     Yeah, it's Frenkel issued a -- I
12  know that there is a 17 in it but I don't know
13  the whole number, but yes, it's -- it's a --
14  Frenkel issued a pollution policy.
15         Q     Is it the basis of BMG's claim
16  against Frenkel that Frenkel failed to obtain
17  pollution insurance for the Hercules 211?
18         A     I've -- not when we filed, no.
19         Q     I'm sorry?
20         A     Not when we filed.   No.
21         Q     Filed what?
22         A     The claim.   We didn't know -- no,
23  but -- and as a matter of fact, until -- the
24  different depositions that I have read, nobody
25  informed me that there was no pollution policy

Page 43

```
1                     ELI ZATEZALO
2    per the -- per the policy that I was provided.
3             Q    And which policy were you
4    provided?
5             A    If I could --
6                  MR. POWER:  Objection.  Hand him
7             a policy.  He's asking for you to give
8             him a policy.  But we have -- there is
9             a policy involved in this case.
10            Enough of the runaround rope-a-dope.
11            You have a policy of Safe Harbor that
12            was never placed.  We have copies of
13            it.  Please -- the witness --
14                 MR. NICOLETTI:  Don't --
15                 MR. POWER:  -- is asking for --
16                 MR. NICOLETTI:  Do not prompt --
17                 MR. POWER:  -- you to provide a
18            copy of the --
19                 MR. NICOLETTI:  -- do not --
20                 MR. POWER:  -- of the policy.
21                 MR. NICOLETTI:  Do not prompt the
22            witness like you just did.
23                 MR. POWER:  The witness is asking
24            for you to provide --
25                 MR. NICOLETTI:  That is violative
```

Page 73

```
 1                    ELI ZATEZALO
 2   extent that Frenkel failed to place the
 3   pollution policy with Safe Harbor that your --
 4   that BMG's claim is limited to those aspects
 5   which would be payable under the Safe Harbor
 6   policy for pollution?
 7              MR. POWER:  Objection.
 8         A    No.  There -- there was never
 9   a -- a pollution policy, so why would it be
10   limited.
11         Q    Assume that legally --
12         A    I'm not going to assume anything.
13         Q    I'm giving you the assumption.
14   Assume that legally your claim against Frenkel
15   for failure to play -- place the pollution cover
16   with Safe Harbor is limited to what is covered
17   under the Safe Harbor policy, is there any basis
18   for any other claim against Frenkel?
19         A    I -- I don't know the answer to
20   that question.
21         Q    Now, Mr. Zatezalo -- let me just
22   get here.  One moment.
23              Is it your -- I believe you
24   testified earlier was that BMG or yourself had
25   no knowledge of the nonexistence of a
```

Page 74

1              ELI ZATEZALO

2  pollution policy for the Hercules 211 until

3  after January 2, 2018?

4          A    I don't know -- I think it was

5  further than that because I know after reading

6  the depositions and the exhibits that Frenkel

7  was still under the assumption that it was

8  bound.

9          Q    Do you recall receiving an email

10  from Mr. Duarte on December 26, 2017?

11          A    Is it in this exhibit here?

12          Q    I'm just asking from your memory.

13          A    I would -- I would -- I would

14  like to see it.

15          Q    I'm -- I'm certain you're going

16  to see it in a moment.

17          A    I would like to see it before I

18  answer the question, sir.

19          Q    Well, no.  I'm entitled to know

20  what you -- what you recall.  Do you recall --

21          A    I don't recall.  Until I see it,

22  I don't recall.

23          Q    Okay.  Turn to Exhibit D, please.

24          A    Of the complaint.  Exhibit 25.

25  Is it D, delta?

# EXHIBIT 4

**From:** Eli Zatezalo <emz@blakemarinegroup.com>
**Sent:** Wednesday, December 27, 2017 8:54 AM
**To:** 'Richard Duarte'
**Cc:** 'joshua greenberg'; rjaross@aol.com; 'James Power'
**Subject:** RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Richard,

I spoke with USCG MSU Morgan City this morning.   They stated that the COFR would not apply in this case due to no known oil *discharge* and even if the COFR was proved to be a funding source and was called upon by the USCG -  it would be the same as federalization.   The USCG would then look to the owners / owners agents to levy fines and reimbursement of up to 3 x cost.   They also mentioned that they were told on our conference call that there was a pollution policy in place and want to know what changed from that time until now.  Also stated enough with the games regarding funding the removal of pollutants.

To summarize, the USCG will not call upon the COFR at this time, they are pissed off that the Admin Order will not be met after granting an extension and they will be moving fwd. towards federalization if there is not funding in place to conduct waste oil removal tomorrow, DEC 28th per the COTP / Admin Orders.

Rgds,

Eli

**From:** Richard Duarte [mailto:rduarte@frenkel.com]
**Sent:** Tuesday, December 26, 2017 8:21 PM
**To:** Eli Zatezalo
**Cc:** 'joshua greenberg'; rjaross@aol.com; 'James Power'
**Subject:** Re: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Eli-

1) inform USCG that you've been advised Forward Marine has no pollution insurance
2) However you understand a CoFR is in place for the HERCULES 211
3) CoFR #875014
4) USCG should then call the NPFC and they activate it based on USCG order regarding possible imminent release/pollutant removal order

CoFR guarantee would be activated based on CG request/order and should cover removal costs and potential spill response costs.

According to my contact, it just takes a few phone calls per the above.  Thank you. Rich

Get Outlook for iOS

From: Eli Zatezalo <emz@blakemarinegroup.com>
Sent: Tuesday, December 26, 2017 6:23 PM
Subject: RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time
To: Richard Duarte <rduarte@frenkel.com>
Cc: 'joshua greenberg' <joshuagreenberg12@hotmail.com>, <rjaross@aol.com>, 'James Power'
<james.power@hklaw.com>


Richard,

I need the email requested below in order to fwd. to the USCG and provide the update.

Thanks,

Eli

From: Eli Zatezalo [mailto:emz@blakemarinegroup.com]
Sent: Tuesday, December 26, 2017 5:45 PM
To: 'Richard Duarte'
Cc: 'joshua greenberg'; 'rjaross@aol.com'; 'James Power'
Subject: RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Richard,

On second thought, I believe it would be best to receive an email updating Blake Marine Group with
instructions on how you wish to proceed with calling upon the COFR to cover the waste oil removal,
etc.    BMG will also need a letter from Frenkel outlining the above as well as assurance of payment via the
COFR in order to proceed with mobilization, etc.

Thanks,

Eli

From: Richard Duarte [mailto:rduarte@frenkel.com]
Sent: Tuesday, December 26, 2017 5:00 PM
To: Eli Zatezalo
Cc: joshua greenberg; 'rjaross@aol.com'; James Power
Subject: RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Call set for 4:30 PM Texas Time =

Call in Number: 1-866-910-4857
Password: 6148263#

Thanks. Rich

2

EXHIBIT 5

| | |
|---|---|
| **From:** | James.Power@hklaw.com |
| **Sent:** | Wednesday, December 27, 2017 11:00 AM |
| **To:** | rduarte@frenkel.com; emz@blakemarinegroup.com |
| **Cc:** | joshuagreenberg12@hotmail.com; rjaross@aol.com |
| **Subject:** | RE: Waste oil removal / H 211 - Calling of the COFR:  4:30 PM Texas Time |

Richard,

I understand that a COFR, is applicable, when and if a pollution incident occurs.  I would not be inclined to assume that a COFR provides the assurances demanded by Eli in covering and/or guaranteeing the costs and expenses for removing the fuel in accordance with the USCG order.

What is clear is that Forward Marine's policy lists pollution cover but for some reason that pollution cover was never procured or fixed.  That is why we are in this situation.  The Salvor is losing precious time  to mobilize.  As stated previously he will not do so unless he is advanced the sum of approximately $200k or is provided an acceptable form of guarantee.  As such, I suggest we immediately turn our attention to the form of guarantee to be provided by Your Firm..

I have advised Salvor that if he does not come to an agreement on advance payment or a suitable guarantee then he should immediately advise the USCG that there is no pollution cover in place and that the USCG would need to take whatever action it deems necessary to allow Salvor to remove the pollution risk presented by fuel onboard the rig.

While I appreciate that Frenkel is trying to address the issue of there not being pollution cover the fact of the matter is that we are at a point where the only remaining solution to preventing this matter from being taken over by the USCG is to get some funds in the hands of Salvor or assure that he will be paid for his work promptly after the fuel is removed.  Perhaps is may be helpful to have a call with the Management of Frenkel so we can all confirm everyone is on the same page?

I am available today to further discuss this matter.

Regards,
James

**James Power | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com
--------------------------------------------------
Add to address book | View professional biography


EXHIBIT NO. 108

**From:** Richard Duarte [mailto:rduarte@frenkel.com]
**Sent:** Tuesday, December 26, 2017 8:56 PM
**To:** Eli Zatezalo <emz@blakemarinegroup.com>
**Cc:** 'joshua greenberg' <joshuagreenberg12@hotmail.com>; rjaross@aol.com; Power, James H (NYC - X73494) <James.Power@hklaw.com>
**Subject:** Re: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

1

BMG 000275

Joshua/richard

I've also just been advised that it would be prudent for Owners to advise USCG per the below as well right away.  Rich.

Get Outlook for iOS

**From:** Richard Duarte
**Sent:** Tuesday, December 26, 2017 8:20:56 PM
**To:** Eli Zatezalo
**Cc:** 'joshua greenberg'; rjaross@aol.com; 'James Power'
**Subject:** Re: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Eli-

1) inform USCG that you've been advised Forward Marine has no pollution insurance
2) However you understand a CoFR is in place for the HERCULES 211
3) CoFR #875014
4) USCG should then call the NPFC and they activate it based on USCG order regarding possible imminent release/pollutant removal order

CoFR guarantee would be activated based on CG request/order and should cover removal costs and potential spill response costs.

According to my contact, it just takes a few phone calls per the above.  Thank you. Rich

Get Outlook for iOS

**From:** Eli Zatezalo <emz@blakemarinegroup.com>
**Sent:** Tuesday, December 26, 2017 6:23 PM
**Subject:** RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time
**To:** Richard Duarte <rduarte@frenkel.com>
**Cc:** 'joshua greenberg' <joshuagreenberg12@hotmail.com>, <rjaross@aol.com>, 'James Power' <james.power@hklaw.com>

Richard,

I need the email requested below in order to fwd. to the USCG and provide the update.

Thanks,

Eli

**From:** Eli Zatezalo [mailto:emz@blakemarinegroup.com]
**Sent:** Tuesday, December 26, 2017 5:45 PM
**To:** 'Richard Duarte'
**Cc:** 'joshua greenberg'; 'rjaross@aol.com'; 'James Power'
**Subject:** RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Richard,

2

On second thought, I believe it would be best to receive an email updating Blake Marine Group with instructions on how you wish to proceed with calling upon the COFR to cover the waste oil removal, etc.   BMG will also need a letter from Frenkel outlining the above as well as assurance of payment via the COFR in order to proceed with mobilization, etc.

Thanks,

Eli

**From:** Richard Duarte [mailto:rduarte@frenkel.com]
**Sent:** Tuesday, December 26, 2017 5:00 PM
**To:** Eli Zatezalo
**Cc:** joshua greenberg; 'rjaross@aol.com'; James Power
**Subject:** RE: Waste oil removal / H 211 - Calling of the COFR: 4:30 PM Texas Time

Call set for 4:30 PM Texas Time =

Call in Number: 1-866-910-4857
Password: 6148263#

Thanks. Rich

Best Regards,
Richard Duarte
Vice President
Frenkel & Company
350 Hudson Street, 4th Floor
New York, NY 10014
Tel: 212-488-0286
Cell: 201-360-1012
Fax: 212-918-0738
Email:rduarte@frenkel.com

On Dec 26, 2017, at 3:53 PM, Richard Duarte <rduarte@frenkel.com> wrote:

Eli -
If I recall the USCG order, there is an imminent threat of dispersal.  I've been advised this can also be used to call the CoFR.

I am good anytime the rest of the day.  Can everyone chime in when best? Rich

Best Regards,
Richard Duarte
Vice President
Frenkel & Company
350 Hudson Street, 4th Floor
New York, NY 10014
Tel: 212-488-0286
Cell: 201-360-1012

3

BMG 000277

Fax: 212-918-0738
Email:rduarte@frenkel.com


From: Eli Zatezalo [mailto:emz@blakemarinegroup.com]
Sent: Tuesday, December 26, 2017 4:50 PM
To: Richard Duarte <rduarte@frenkel.com>
Cc: James Power <james.power@hklaw.com>; joshua greenberg
<joshuagreenberg12@hotmail.com>;rjaross@aol.com
Subject: Re: Waste oil removal / H 211 - Calling of the COFR

Richard,

Based upon all of my previous experience with Salvage/Rec removal, it is my understanding that COFR is
only activated under a discharge situation?

What time is the call scheduled for?


On Dec 26, 2017, at 16:46, Richard Duarte <rduarte@frenkel.com> wrote:

Eli – after conferring with outside marine lawyers, claims personnel, and other pollution insurers, they
have all concurred that CoFR # 875014 forModern American Recycling Services Inc. showing HERCULES
211 has to be called on by the USCG (copy attached).  Despite what Safe Harbor may believe, they are
the Guarantors and have to step up and provide this coverage (they then can choose to subrogate
against whom they feel the responsible party at a later date).

I don't know the process to get this moving ASAP my understanding is that the USCG calls the CoFR and
it flows from there.

Can we all discuss this as soon as possible?

Call in Number: 1-866-910-4857
Password: 6148263#



<image001.png>

Best Regards,
Richard Duarte
Vice President
Frenkel & Company
350 Hudson Street, 4th Floor
New York, NY 10014
Tel: 212-488-0286
Cell: 201-360-1012
Fax: 212-918-0738
Email:rduarte@frenkel.com

4

**From:** Eli Zatezalo [mailto:emz@blakemarinegroup.com]
**Sent:** Tuesday, December 26, 2017 4:24 PM
**To:** Richard Duarte <rduarte@frenkel.com>
**Cc:** James Power <james.power@hklaw.com>
**Subject:** Waste oil removal / H 211

Richard,

It is 16:00 EST, December 26th.  We have yet to receive an update as to how the oil removal will be funded by Frenkel on behalf of Forward Marine LLC.

The USCG has given an extension, and it will be the only extension granted, until Dec 28th to begin oil removal operations.

In order to meet that deadline, Blake Marine Group (BMG) must mobilize tomorrow.  That means putting the DP1 OSV on charter, renting and securing frac tanks on the clear deck of the OSV, direct the OSRO to mobilize for 06:00 departure on the 28th.  And BMG has to mobilize its personnel and equipment.

The USCG has requested an update by 17:00 today.

I have done everything possible to work with you / Frenkel to see this through and prevent federalization of the oil removal.  Same for wreck removal.

I am no longer willing to fund any additional work without guarantee of payment.   I have an obligation to update the USCG per their request.   If BMG does not receive an update / assurance of payment for the waste oil removal by 17:00 today, then I am left with no choice but to advise the USCG.  In doing so, they will take all necessary measures (federalization) to ensure immediate removal of the waste oil.

We await your / Frenkel's reply.

Sincerely,

Eli


Best Regards,

**Eli M. Zatezalo**
**President**
**Blake Marine Group**
**Cell: 504-919-5873**
**Email:** emz@blakemarinegroup.com

_____

NOTICE:  This e-mail is confidential and contains confidential and proprietary information and is intended solely for the use of the individual(s) to whom it is addressed.  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else.  If you received this e-mail and are not the intended recipient you are expected to maintain the information contained herein in confidence in order to preserve and protect confidentiality.

5

*This email from Frenkel Benefits, LLC d/b/a Frenkel & Company and/or its affiliates ("Frenkel") is for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email immediately and destroy all copies of the original message.*

*Nothing contained herein constitutes nor is intended to constitute an offer, inducement, promise, or contract of any kind and/or a statement that any data contained herein is error free. Please also note that no changes can be made to any existing insurance contracts, and that new coverage cannot be bound, via an email (or voice mail) directed by its policyholder clients to a Frenkel representative. Likewise, Frenkel does not provide legal advice and this email should not be relied upon as such.*

*Frenkel provides various insurance-related services, including facilitating the purchase of insurance coverage for clients from a variety of insurance carriers, group benefits providers and insurance markets and sometimes engages the services of other entities, such as wholesale brokers and premium finance companies, in connection with such coverage. Frenkel may receive compensation for its services from various sources depending on the circumstances surrounding the transaction. For additional information about our services and/or Frenkel's compensation arrangements, please visit our website at www.frenkel.com.*

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

BMG 000280