UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLAKE MARINE GROUP, LLC,

                       Plaintiff,

-against-

FRENKEL & COMPANY,

                       Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/2020

18 Civ. 10759 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Blake Marine Group, LLC, brings this action against Defendant, Frenkel & Company, alleging breach of contract and other claims stemming from marine pollution removal. *See* Compl., ECF No. 9. On February 20, 2020, the Honorable Katharine H. Parker issued an order (the "February 20 Order") denying Plaintiff's request to extend discovery for the purpose of taking additional depositions, specifically of representatives of Safe Harbor Pollution Insurance ("Safe Harbor"), a non-party. ECF No. 122. Plaintiff timely filed objections, arguing that the Safe Harbor representatives are "material witnesses" and that the denial of their depositions "deprived [Plaintiff] the opportunity to challenge the testimony" of Defendant's insurance broker, Richard Duarte. Pl. Mem. at 13, ECF No. 124; *see* Pl. Obj., ECF No. 123.

    Magistrate judges have broad discretion to resolve the discovery disputes referred to them. *See United States v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 782 F. Supp. 920, 922 (S.D.N.Y. 1992). A district court reviews non-dispositive orders issued by a magistrate judge under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). The party seeking to overturn a magistrate judge's discovery decision carries a "heavy burden." *Citicorp v. Interbank Card Ass'n,* 87 F.R.D. 43, 46 (S.D.N.Y. 1980) (internal quotation marks and citation omitted).

    A party is entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court may limit discovery that would be unreasonably cumulative or duplicative, unduly burdensome, or that the party seeking the discovery had ample opportunity to obtain previously. *See* Fed. R. Civ. P. 26(b)(2)(C).

    The substance of the discovery dispute reaches back to early 2019, when Plaintiff sought to subpoena documents and deposition testimony from representatives of Safe Harbor, an insurance company that Plaintiff alleges it believed would cover costs stemming from marine salvage work that Plaintiff conducted. *See* Compl. ¶ 27. Although Safe Harbor complied with the document subpoena, it moved to quash the subpoena for deposition testimony, and Judge Parker granted the motion. *See* ECF No. 55. In her opinion and order quashing the subpoena for Safe Harbor's deposition testimony, Judge Parker explained that further discovery from Safe Harbor would be permitted only if, after seeking discovery from Defendant, "it turns out that [Defendant] does not have complete documentation of its communication with Safe Harbor or

that there is a basis for believing that Safe Harbor may have information that contradicts information [Defendant] provides in discovery that is relevant to establishing liability," in which case "Plaintiff [could] make a narrow request to obtain such information." *Id.* at 3–4.

On February 3, 2020, Plaintiff made a request on that basis, asking for an extension of discovery to permit it to depose representatives of Safe Harbor. ECF No. 115. After receiving briefing and hearing oral argument on the matter, Judge Parker denied Plaintiff's request, determining that there was "no basis to conduct further deposition or to extend discovery further," and that the requested depositions would not "provide additional new relevant evidence that is proportional to the needs of the case." Hr'g Tr. 14:21–15:3, ECF No. 130-8; *see also* ECF No. 122.

Upon review of the record, the Court agrees with Judge Parker that Plaintiff's stated reasons for deposition Safe Harbor representatives, that is, to determine "the extent to which statements made by Mr. Duarte . . . were either known by him to be false, or . . . were made without knowledge of their truth," *see* Pl. Mem. at 11, and to determine "when Mr. Duarte was explicitly told by Safe Harbor that the Safe Harbor Pollution Policy was never placed," *id.* at 14, are not proportional to the needs of the case. Plaintiff has not shown that Safe Harbor may have information that "contradicts" information provided by Defendant in discovery; nor has Plaintiff demonstrated that the discovery already obtained is incomplete in such a way so as to justify the burdens of additional depositions. *See* ECF No. 55 at 3–4. The Court, therefore, concludes that Judge Parker acted well within her discretion to deny Plaintiff's discovery extension request, and to preclude the additional depositions. Reviewing the February 20 Order for clear error, the Court finds none.

Accordingly, Plaintiff's objections are OVERRULED and the February 20 Order is AFFIRMED. By **July 1, 2020**, the parties shall file any pre-motion letter regarding an anticipated motion for summary judgment in accordance with Rule III(C) of the Court's Individual Practices in Civil Cases. *See* ECF No. 23 ¶ 16; ECF No. 127.

The Clerk of Court is directed to terminate the motion at ECF No. 123.

SO ORDERED.

Dated: June 17, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge